## GEANAKOULES v. UNION PORTLAND CEMENT COMPANY.

No. 2326. Decided June 20, 1912. Rehearing Denied September 9, 1912 (126 Pac. 329).

1. MASTER AND SERVANT—VARIANCE—MATERIALITY. In an action against a cement manufacturer for injury to an employee, caused by walking on burning slack and hot ashes, which were covered by cement dust, there was no fatal variance between an allegation that plaintiff had business with defendant, and, being requested so to do by defendant, entered upon its

premises, and proof that, on plaintiff applying for work, defendant's foreman told him that he would give him a position, and for him to start to work, but that before doing so plaintiff inquired for and was directed to the toilet, in going toward which he sustained the injuries complained of. (Page 488.)

2. APPEAL AND ERROR—OBJECTIONS—VARIANCE—NECESSITY. As a general rule, before a variance is available, the evidence must be objected to when offered. (Page 488.)

3. MASTER AND SERVANT—EXISTENCE OF RELATION—EVIDENCE. Evidence that plaintiff applied to defendant's foreman for work, and was told that the foreman would give him a position, that he could "start with the whistle," and to take off his coat and begin work, shows the existence of the relation of employer and employee, and does not show that plaintiff was a trespasser, or a bare licensee. (Page 488.)

4. TRIAL — INSTRUCTIONS — REFUSAL. Instructions, substantially covered by those given, are properly refused. (Page 489.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by George Geanakoules against the Union Portland Cement Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*H. H. Henderson* and *John C. Davis* for appellant.

*Halverson & Pratt* for respondent.

STRAUP, J.

This is an action to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant. The charged negligence is that the defendant; who was engaged in operating a cement plant at Devil's Slide, Utah, for the manufacture of cement, negligently distributed on the ground, near its plant and a toilet used by its employees "and others having business with said defendant," a large quantity of burning slack and hot ashes, which were

covered with fallen cement dust from the operation of the plant and were hidden from view; that the defendant failed and omitted to place guards or signals of warning about the place to indicate the danger of the hot ashes; and that the plaintiff, on the day of the accident, "having business with the said defendant, and being requested so to do by the defendant, entered upon defendant's premises, and while there, finding it necessary to go to said toilet, he started thereto, and, without knowledge of the dangerous character of the burning slack and hot ashes, he stepped therein," and was burned and injured. The case was tried to the court and a jury. A verdict was rendered in favor of the plaintiff in the sum of $900. The defendant appeals.

There is evidence to show that in the operation of the plant the defendant from its furnaces placed hot ashes and coals about 150 feet from the boiler room. The ashes were spread on the ground, covering a space of about twenty-five feet wide and twenty-five feet long, to level the ground. They and the surface of the ground about there were covered with cement dust. There was nothing to indicate the presence of the hot ashes. On the day of the injury the plaintiff in the forenoon entered the defendant's premises in search of work. He inquired for and was directed to the foreman, who was about the plant. The foreman told him to return "after dinner." The plaintiff did so. As testified to by the plaintiff, the foreman then told him that "I'll give you a job; you can start with the whistle; take off your coat to start on your job." The plaintiff took off his coat; but, before starting on his work, he inquired for and was directed to the toilet. In going toward it and without knowledge of the presence of the hot ashes, he stepped into them and was burned and injured.

At the conclusion of plaintiff's evidence the defendant made two motions: One, "I move at this time that all the evidence given by the plaintiff and by other witnesses that there was a hiring of the plaintiff by the defendant be struck out, for the reason that the issue was not embraced in the pleadings;" the other, for a nonsuit, on the

ground that the plaintiff "was a trespasser, or at least a mere licensee, and that the defendant was not under any duty whatever to furnish a safe place for plaintiff to travel in going to the closet." Both motions were overruled. The rulings are complained of. The testimony asked to be stricken was admitted without objection. The effect of counsel's argument is to show a variance between the complaint and the proof. The ultimate facts showing what legal duty was owing by the defendant to the plaintiff were alleged with considerable uncertainty. The allegations in this respect are: "The plaintiff, having business with the said defendant, and being requested so to do by the defendant, entered upon the defendant's premises." In support of this the plaintiff proved the facts heretofore referred to. We do not think this, under the statute (*Schuyler v. So. Pac. Co.*, 37 Utah, 581, 109 Pac. 458), constituted a fatal variance. Furthermore, the general rule as to the mode of making objection to the introduction of evidence which does not correspond to the allegations of the pleadings is to object at the time it is offered on the ground of a variance. (13 Ency. Ev. 742.) We think no error was committed in overruling the motion to strike the evidence. We are also of the opinion that the motion for a nonsuit was properly overruled. The evidence on his behalf does not show the plaintiff a trespasser or a bare licensee.

Complaint is also made of the refusal of the court to charge as requested by the defendant. Both the theories of the plaintiff and the defendant were fully submitted to the jury. The charge on the defendant's theory substantially embodied the elements contained in its requests, except that of directing a verdict in its favor on the grounds stated in the motion for nonsuit, which it was not entitled to. Upon the questions raised and presented, we think the judgment should be affirmed, with costs.

Such is the order.

FRICK, C. J., and McCARTY, J., concur.